THE STATE OF OHIO, APPELLEE, *v.* DEMIDO, APPELLANT.

[Cite as State v. DeMido (1973), 35 Ohio App. 2d 9.]

(No. 72AP-366—Decided April 10, 1973.)

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Daniel W. Johnson,* city prosecutor, and *Mr. Charles L. Price,* for appellee.

*Mr. James Maxwell, Jr.,* for appellant.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Municipal Court.

The prosecution was instituted by an affidavit charging that the defendant did, on or about December 4, 1971, "hold himself out as able to examine the eyes of any person for the purpose of fitting the same with glasses in violation of Section 4725.02 ORC." The facts were stipulated in the trial court.

It was stipulated that defendant is the holder of a valid license, issued by the state of Ohio medical board, to practice mechanotherapy. The rules and regulations of the

10

state medical board governing limited practitioners of medicine was also stipulated. A second stipulation was also made which stated:

"On December 4, 1971, Rowena Clare Knight entered the office of Dr. James B. DeMido (Defendant) at 1666 North High Street, in the City of Columbus, County of Franklin, State of Ohio. Dr. DeMido examined the eyes of the said Rowena Clare Knight by use of a Phoropter. After said examination, he advised her that she no longer needed to wear her glasses."

Defendant was found guilty and he appeals, raising two assignments of error as follows:

"Assignment of Error Number One

"A Doctor of Mechanotherapy is acting within the scope of his limited branch of medicine and surgery when he applies optical principles through technical methods and devices in the examination of human eyes for the purpose of ascertaining departures from the normal, measuring their functional powers and adapting optical accessories for the aid thereof, in that he is only using manual, physical or mechanical measures for the treatment of disease as outlined in Medical Board Regulation MB-1-05 (G); and a finding by the Court that he is practicing optometry without a license, constitutes reversible error.

"Assignment of Error Number Two

"A Doctor of Mechanotherapy is a physician or surgeon practicing under authority of licenses issued under the laws of this state for the practice of medicine or surgery; and, therefore, his actions in examining eyes, diagnosing departures from the normal and adapting optical accessories are specifically exempt from the licensure requirement by the Board of Optometry: and the conviction by a Court under these circumstances is reversible error."

While defendant was charged with holding himself out as able to examine the eyes of any person for the purpose of fitting the same with glasses, in violation of R. C. 4725.02, the stipulation indicates that defendant examined the eyes of the patient and advised her that she did not need glasses. However, no issue is made by the assignments of error directly upon that issue.

Rather, the assignments of error are somewhat overbroad and assume evidentiary matters not before the court. We shall consider the assignments of error without making the evidentiary assumptions not supported by the record.

R. C. 4725.01 defines the practice of optometry as follows:

"The practice of optometry is the application of optical principles, through technical methods and devices in the examination of human eyes for the purpose of ascertaining departures from the normal, measuring their functional powers and adapting optical accessories for the aid thereof."

Defendant was charged with violating R. C. 4725.02, which reads as follows:

"No person shall engage in the practice of optometry or hold himself out as a practitioner of optometry, or attempt to determine the kind of glasses needed by any person, or hold himself out as a licensed optometrist when not so licensed, or hold himself out as able to examine the eyes of any person for the purpose of fitting the same with glasses, excepting those exempted under section 4725.14 of the Revised Code unless he has first fulfilled the requirements of sections 4725.01 to 4725.14, inclusive, of the Revised Code, and has received a certificate of licensure from the state board of optometry, nor shall any person represent that he is the lawful holder of a certificate of licensure such as is provided for in such sections, when in fact he is not such lawful holder, or impersonate any licensed practitioner of optometry."

Defendant was a licensed practitioner of the limited branch of medicine or surgery known as mechanotherapy. R. C. 4731.15 provides:

"The state medical board shall also examine and register persons desiring to practice any limited branch of medicine or surgery, and shall establish rules and regulations governing such limited practice. Such limited branches of medicine or surgery shall include * * * mechanotherapy * * *."

The rules and regulations of the state medical board are pertinent. Rule MB-1-01 provides, in part, that:

"The Board had defined the work 'limited branch or branches of medicine or surgery' to mean those branches of medicine or surgery which provide for a single therapeutic system, appliance, application, operation or treatment for the relief or cure of a wound, fracture or bodily injury, infirmity or disease, which does not involve the use of drugs or major surgery."

Such rule further classifies the limited branch of mechanotherapy under what is called "Group one." Rule MB-1-02(I) provides that:

"Certificates authorizing the practice of any limited branch or branches of medicine or surgery, under group 1, authorize the holders to examine and diagnose and to assume responsibility and care of patients."

Rule MB-1-05(G) defines mechanotherapy as follows:

"Mechanotherapy is hereby understood to be 'the use of manual, physical, or mechanical measures for the treatment of disease.' Such physical or mechanical measures shall not include the use of X-ray or radium for therapeutic purposes."

Furthermore, Rule MB-1-02(E) provides that:

"Practice must be confined to the limited branch or branches specified in the certificate and generally recognized as such."

Rule MB-1-02(F) provides as follows:

"A certificate authorizing the practice of a limited branch or branches of medicine or surgery will confer the right to use the title 'Doctor' or 'Dr.', provided that such use is qualified by the designation of the limited branch of the certificate holder and provided the school of graduation is empowered to confer the degree * * *. The certificate does not permit the holder to treat infectious, contagious or venereal disease nor to prescribe or administer drugs or to perform major surgery or the use of the title 'Physician' or 'Surgeon.' "

Rule MB-1-05(G) further provides for the educational requirements of a mechanotherapist and for an examination which an applicant for a license must take. The examination is conducted by the state medical board "in the subjects of anatomy, physiology, chemistry, bacteriology,

pathology, hygiene, and diagnosis and before a special committee of licensed mechanotherapists appointed by the State Medical Board * * * in practice, symtomatology (sic), diagnosis, and therapeutics as applied to the practice of mechanotherapy. * * *'' (See also R. C. 4731.16.)

Unfortunately, neither the statute nor the rules of the state medical board are explicit in defining the practice of mechanotherapy. A licensed mechanotherapist is authorized "to examine and diagnose and to assume responsibility and care of patients." (Rule MB-1-02 [I].) The practice consists of "the use of manual, physical, or mechanical measures for the treatment of disease." Rule MB-1-05(G). A mechanotherapist is precluded from treating "infectiout, contagious or venereal disease," and from prescribing or administering drugs, or from performing major surgery. R. C. 4731.17 and Rule MB-1-02(F). The only other limitation upon the practice of mechanotherapy is that it must be confined to mechanotherapy "generally recognized as such." Rule MB-1-02(E). Except for this provision, the rules add little to the statutory provision.

From the foregoing, we conclude that, except with respect to the specific prohibitions set forth in R. C. 4731.17, and the rules of the state medical board, *supra*, it cannot be determined what does or does not constitute the practice of mechanotherapy without evidence as to what is "generally recognized" as the practice of mechanotherapy. In this case, there is no such evidence.

By the first assignment of error, defendant seeks a determination by this court that his conduct constituted the practice of mechanotherapy. In the absence of evidence so indicating, we cannot so conclude. Accordingly, the first assignment of error is overruled.

The second assignment of error poses a slightly different problem. R. C. 4725.14 provides as follows:

"Sections 4725.01 to 4725.14, inclusive, of the Revised Code do not apply:

"(A) To physicians or surgeons practicing under authority of licenses issued under the laws of this state for the practice of medicine or surgery * * *.''

Defendant contends that he is entitled to an exemp-

tion from the licensing requirments as an optometrist, pursuant to this section. The issue thus presented is whether or not a limited practitioner of medicine is entitled to the benefit of this exception. We conclude that to the extent that a licensed mechanotherapist is engaged in that limited branch of medicine he may do so without also obtaining a license as an optometrist. We conclude that the exemption of R. C. 4725.14 applies to limited practitioners of medicine, including mechanotherapists, to the extent that they are practicing under the authority of the license issued to them for the limited practice of medicine or surgery. As we indicated above, to determine whether or not the services rendered by defendant herein were included within the practice of mechanotherapy necessarily requires evidence as to what is generally recognized as the practice of mechanotherapy. In the absence of such evidence, there can be no conviction of a licensed mechanotherapist for a violation of R. C. 4725.02. Accordingly, for the reasons and to the extent indicated, the second assignment of error is. well taken.

For the foregoing reasons, the first assignment of error is overruled, the second assignment of error is sustained, the judgment of the Franklin County Municipal Court is reversed, and final judgment is rendered dismissing the charge against defendant.

*Judgment reversed.*

TROOP, P. J., and HOLMES, J., concur.

HOLMES, J., concurring. What may have been intended by the drafters of the language of the sections of law and regulations involved in this appeal, and the reasonable interpretation of such regulations and statutes, are seriously apart one from the other.

I must, with regret, concur with the majority herein, but in so doing I feel compelled to comment, as I did recently regarding the sections of law dealing with podiatry and podiatrists, that such laws appear to be in utter chaos

producing results never intended by the General Assembly or the Ohio medical board.

But, yet, such sections must be interpreted as they are presently constituted. The courts may not rewrite such sections of law to suit their own attitudes or positions as to what should be the extent of the professional jurisdiction of each of these practitioners.

This is, of course, within the province of the legislature—not the courts.